UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| YOUNG SUE RHO, YOUNG CHUL RHO, and MISSOURI PLAZA, L.L.C., ) ) ) | |
| Plaintiffs, ) ) | |
| vs. ) ) | Case No. 4:08CV1145MLM |
| JAE KIM d/b/a SOLID SOURCE REALTY, ) ) | |
| Defendant. ) | |

## **MEMORANDUM OPINION**

Before the court is the Motion to Dismiss or, in the alternative, To Transfer Venue filed by Defendant Jae Kim d/b/a Solid Source Realty ("Defendant"). Doc. 3. Plaintiffs Young Sue Rho, Young Chul Rho and Missouri Plaza, L.L.C., (jointly, "Plaintiffs") filed Responses. Doc. 5, Doc. 6.[1] Defendant filed a Reply. Doc. 9. The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). Doc. 8.

### **BACKGROUND**

Plaintiffs allege in their Complaint[2] that they are residents of Missouri and have been at all relevant times; that Plaintiffs own martial arts schools in Missouri; that Defendant is a real estate agent and broker who was retained by Plaintiffs for a real estate transaction which took place, in part, in Missouri and, in part, in Georgia; that Defendant utilized the mail, phone lines and other methods

---

[1] Plaintiffs filed a Response to Defendant's Motion to Dismiss and a separate Response to Defendant's alternative Motion to Transfer. Neither of these Responses was in excess of fifteen pages. As such, Defendant's suggestion that the court should strike Plaintiffs' Responses for failing to comply with Local Rule 7-4.01(D) is without merit.

[2] Plaintiffs filed their cause of action in State court. Defendant removed this matter to federal court on August 6, 1008. Doc. 1.

of interstate commerce "to solicit, market, sell and solicit buyers of real estate for investment purposes" and to act as the buyer's agent; that, in furtherance of a scheme to defraud Plaintiffs, Defendant intentionally availed himself of the jurisdiction of the State of Missouri; that Defendant brought to Missouri and presented to Plaintiffs false and fraudulent financial data and other investment information regarding commercial property located in Georgia; and that between February 22-24, 2008, meetings between the parties took place at the Hilton Hotel, in St. Louis County.

Also, in an affidavit[3] Plaintiffs state that over the last fifteen years Defendant made numerous trips to Missouri for business purposes; that Defendant traveled to Missouri five to six times a year and that on some of these occasions Defendant came to Missouri for business purposes and for reasons related to Plaintiffs' martial arts school; that Plaintiffs had no interest in starting a martial arts school in Georgia until they were approached by Defendant in regard to purchasing real estate in Georgia for investment purposes; that Defendant agreed to come to Missouri in February 2008 for the specific purpose of showing Plaintiffs information about the property in Georgia and to retain Defendant as their agent; that from February 22 to 24, 2008, Defendant traveled to St. Louis and met with Plaintiffs on "several" occasions; that during these meetings at the Hilton Hotel in St. Louis Defendant presented Plaintiffs with financial information regarding the Georgia property and with a Brokerage Agreement (the "Agreement"); that during the meetings Defendant told Plaintiffs that he would be their agent and representative and would protect their interests "related to the property"; that after the February meetings Defendant sent Plaintiffs e-mails and faxes related to the Georgia property; that after he returned to Georgia subsequent to the February 2008 meetings with Plaintiffs,

---

[3] Defendant contends that the court should strike Plaintiffs' affidavit because it includes factual and legal conclusions. The court need not strike Plaintiffs' affidavit but will only consider its factual allegations and, consistent with federal law, will resolve factual disputes between the parties in favor of Plaintiff. See Cantrell v. Extradition Corp. of America, 789 F. Supp. 306, 308-309, (W.D. Mo. 1992).

Defendant sent Plaintiffs contracts to sign by fax; and that Plaintiffs signed "these agreements and return[ed] them to [Defendant]."

Plaintiffs and Defendant are signatories to the Agreement. Doc. 9, Ex. A. In the Reply Defendant contends that Plaintiffs signed the Agreement on February 15, 2008. The Agreement states, however, that "receipt of a copy of this Agreement is hereby acknowledged by buyer" on that date; the Agreement does not reflect the date upon which it was actually signed by the parties. Defendant also states in the Reply that the Agreement was signed by Plaintiffs in Missouri and then faxed to Defendant in Georgia where he signed the document. Doc. 9 at 6. The Brokerage Agreement states that it "shall be governed by and interpreted pursuant to the laws of the State of Georgia."

Defendant contends in the Motion to Dismiss that this court does not have personal jurisdiction and that, therefore, this court should dismiss Plaintiffs' Complaint. In the alternative, Defendant contends that the court should transfer this matter to the United States District Court for the Northern District of Georgia, Atlanta Division.

## APPLICABLE LAW

"To defeat a motion to dismiss for lack of personal jurisdiction, the nonmoving party need only make a prima facie showing of jurisdiction." Epps v. Stewart Info. Servs. Corp., 327 F.3d 642, 647 (8th Cir. 2003) (citing Falkirk Min. Co. v. Japan Steel Works, Ltd., 906 F.2d 369, 373 (8th Cir.1990); Watlow Elec. Mfg. v. Patch Rubber Co., 838 F.2d 999, 1000 (8th Cir.1988)). "The party seeking to establish the court's in personam jurisdiction carries the burden of proof." Id. See also Mountaire Feeds, Inc. v. Argro Impex, S.A., 677 F.2d 651, 653 n.3 (8th Cir. 1982); Piper v. Kassel, 817 F. Supp. 802, 804 (E.D. Mo. 1993). "[T]he burden does not shift to the party challenging jurisdiction." Epps, 327 F.3d at 647. "'The [c]ourt may rely on pleadings and affidavits alone or

require that an evidentiary hearing be held.'" Piper, 817 F. Supp. at 804 (quoting Cantrell v. Extradition Corp. of America, 789 F. Supp. 306, 308 (W.D. Mo. 1992)). When the court relies on pleadings and affidavits to make its decision on a motion to dismiss for lack of personal jurisdiction, the court must view the facts in the light most favorable to the plaintiff. Id. at 804 (citing Watlow Electric, 838 F.2d at 1000).

The inquiry of whether this federal court has personal jurisdiction over Defendant requires that the court first ascertain whether Missouri's long-arm statute confers jurisdiction. Lakin v. Prudential Securities, Inc., 348 F.3d 704, 707-708 (8th Cir. 2003) (citing Sondergard v. Miles, Inc., 985 F.2d 1389, 1392 (8th Cir. 1993); Clune v. Alimak AB, 233 F.3d 538, 541 (8th Cir. 2000); Scullin Steel Co. v. Nat'l Railway Utilization Corp., 676 F.2d 309, 312 (8th Cir. 1982)).

Missouri's long-arm statute, Mo. Rev. Stat. § 506.500, provides, in relevant part:[4]

Any person or firm, whether or not a citizen or resident of this state, or any corporation, who in person or through an agent does any of the acts enumerated in this section, thereby submits such person, firm, or corporation ... to the jurisdiction of the courts of this state as to any cause of action arising from the doing of any such acts:

    (1)    The transaction of any business within the state;

    (2)    The making of any contract within this state;

---

[4] The Eighth Circuit has addressed whether the Missouri long-arm statute comports with the due process clause and has held that:

> [W]hen the Missouri legislature enacted the long-arm statute, its "ultimate objective was to extend the jurisdiction of the courts of this state over nonresident defendants to the extent permissible under the Due Process Clause of the Fourteenth Amendment of the Constitution of the United States." State v. Pinnell, 454 S.W.2d 889, 892 (Mo. 1970) (en banc).

Clune v. Alimak AB, 233 F.3d 538, 541 (8th Cir. 2000).

4

A "federal court sitting in diversity is bound by the state courts' interpretation of the reach of its long-arm statute, [although] the due process limitations on the state statute are governed by federal law." Sales Serv. Inc. v. Daewoo Intern. (America) Corp., 719 F.2d 971, 972 (8th Cir. 1983) (quoting Scullin Steel, 676 F.2d at 311). "The statutory phrase 'transaction of any business within this state' is liberally construed by the Missouri courts for the purpose of determining questions of long-arm jurisdiction. ... The Missouri courts have, however, 'required some activity, directly or indirectly related to the transaction in question, on the part of the nonresident defendant' within the state." Id. (quoting Scullin Steel, 676 F.2d at 312).

The Supreme Court has established two theories for asserting personal jurisdiction over a non-resident defendant, general and specific jurisdiction. Dever v. Henzen Coatings, Inc., 380 F.3d 1070, 1073 (8th Cir. 2004) (citing Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 415-16 (1984)). The court in Dever, 380 F.3d at 1073, explained these two types of personal jurisdiction as follows:

> Under the theory of general jurisdiction, a court may hear a lawsuit against a defendant who has "continuous and systematic" contacts with the forum state, even if the injuries at issue in the lawsuit did not arise out of the defendant's activities directed at the forum. Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 415-16, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984). In contrast, specific jurisdiction is viable only if the injury giving rise to the lawsuit occurred within or had some connection to the forum state. Id. at 414, 104 S.Ct. 1868.

Where a defendant has continuous and systematic contacts with the forum state, "jurisdiction over [the defendant] exists under the old rubric of physical power or sovereignty." Knowlton v. Allied Van Lines, Inc., 900 F.2d 1196, 1119 (8th Cir. 1990) (citing Perkins v. Benguet Consol. Min. Co., 342 U.S. 437 (1952)).

An assertion of personal jurisdiction, whether specific or general, is subject to the Due Process Clause. Knowlton, 900 F.2d at 1119 (citing Helicopteros, 466 U.S. at 414 n.9). "Due process

requires 'minimum contacts' between [a] non-resident defendant and the forum state." Dever, 380 F.3d at 1073 (quoting Burlington Indus., Inc. v. Maples Indus., Inc., 97 F.3d 1100, 1102 (8th Cir. 1996) (internal citation omitted)). The minimum contacts requirement is met where "the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" Clune, 233 F.3d at 541-42 (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)). See also Bell Paper Box, Inc. v. Trans Western Polymers, Inc., 53 F.3d 920, 921(8th Cir. 1995) (citing World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 291 (1980)); Watlow, 838 F.2d at 1002 (citing Burger King Corp. v. Rudzewicz, 471 U.S. 462, 462 (1985) (holding that a defendant must purposefully establish minimum contacts with Missouri so that the exercise of personal jurisdiction comports with fair play and substantial justice)). To comport with the "fair play and substantial justice" element of due process a defendant's contacts must be more than "random, fortuitous or attenuated." Bell Paper, 53 F.3d at 921 (quoting Burger King, 471 U.S. at 476). "[I]t is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." Epps, 327 F.3d at 647-48 (quoting Hanson v. Denckla, 357 U.S. 235, 253 (1958)). See also Bell Paper, 53 F.3d at 921. A court must carefully consider the facts of each case to assess the nature of the contacts between the defendant and the forum state. Id.

In addition to determining whether the minimum contacts criteria is met, the Eighth Circuit holds that there are other factors which a court should consider to determine whether exercising personal jurisdiction complies with due process. Land-O-Nod Co. v. Bassett Furniture Indus., 708 F.2d 1338, 1340 (8th Cir.1983). These factors are: "(1) the nature and quality of contacts with the forum state; (2) the quantity of such contacts; (3) the relation of the cause of action to the contacts; (4) the interest of the forum state in providing a forum for its residents; and (5) the convenience of

6

the parties." Id. (quoting Burlington Industries, 97 F.3d at 1102). "The fourth and fifth factors are of secondary importance and not determinative." Guinness Import Co. v. Mark VII Diatribe., Inc., 153 F.3d 607, 614 (8th Cir. 1998) (citing Land-O-Nod, 708 F.2d at 1340). The central concern of the inquiry is, however, "'the relationship among the defendant, the forum, and the litigation.'" Id. (quoting Shaffer v. Heitner, 433 U.S. 186, 204 (1977)).

For purposes of the pending Motion to Dismiss, the court must assume that Defendant sought out the business of Plaintiffs who are Missouri residents; that Defendant traveled to Missouri for business purposes; that while in Missouri Defendant met with Plaintiffs on at least two occasions; and that during these meetings induced Plaintiffs to hire him as their agent and solicited Plaintiffs' business regarding the purchase of real estate in Georgia. Further, after he returned to Georgia, Defendant continued to solicit Plaintiffs business by providing them with information regarding the Georgia real estate.[5] As such, Defendant engaged in activity directly related to the transaction in question within Missouri.[6] See Sales Service, 719 F.2d at 972. The court finds, therefore, that Defendant has transacted business in Missouri within the meaning of Missouri's long-arm statute. See

---

[5] In the Reply, Defendant addresses Plaintiffs' allegations of fraud and suggests that this court does not have personal jurisdiction because Plaintiffs have not met their burden to establish fraud. Def. Reply at 4 ("Plaintiffs have not met their burden of demonstrating that the Defendant committed any acts in Missouri that give rise to their claims of fraud or misrepresentation"; " Plaintiffs fail to establish any prima facie evidence that Defendant committed any tortious acts while present in the State of Missouri."). At this point in the proceeding, it is not Plaintiffs' burden to establish Defendant's liability. As stated above, Plaintiffs' burden is only to establish that this court has personal jurisdiction. See Mountaire Feeds, Inc. v. Argro Impex, S.A., 677 F.2d 651, 653 n.3 (8th Cir. 1982). To the extent that the court relies on relevant factual allegations of Plaintiffs' affidavit, as further stated above, for purposes of determining the motion under consideration, the court must view the facts as alleged in Plaintiffs' Complaint and Plaintiffs' affidavit in the light most favorable to them. See Piper, 817 F. Supp. at 804.

[6] As the court has found that Defendant has transacted business within the State of Missouri for purposes of Missouri's long-arm statute, it need not determine whether the parties made a contract within Missouri. Mo. Rev. Stat. § 506.500(2).

Sales Service, 719 F.2d at 972; Piper, 817 F. Supp. at 804. See also Laser Vision Centers, Inc. v. Laser Vision Centers Int'l, SpA, 930 S.W.2d 29, 32 (Mo. Ct. App. 1996) (holding that petition alleged sufficient facts to invoke Missouri's long-arm statute where defendant "deliberately sought out" the plaintiff; the defendant "voluntarily decided to do business with a corporation based in Missouri"); State ex rel. Metal Serv. Ctr. of Georgia, Inc. v. Gaertner, 677 S.W.2d 325, 325-28 (Mo. 1984) (holding that Missouri courts had jurisdiction under Missouri's long-arm statute where foreign corporation had initiated a contract with a Missouri resident and holding that minimum contacts may consist of a single transaction). Under such circumstances, the first part of the two-part test for exercising jurisdiction over Defendant in Missouri is met. See Lakin, 348 F.3d 704; Clune, 233 F.3d at 541; Scullin Steel, 676 F.2d at 213. The second part of the two-part test for exercising jurisdiction requires that this court determine whether exercising jurisdiction over Defendant in Missouri comports with due process. See Lakin, 348 F.3d 704; Clune, 233 F.3d at 541; Scullin Steel, 676 F.2d at 213. The court must, therefore, conduct a due process analysis.

Defendant sent Plaintiffs e-mails and faxes regarding the property at issue. Indeed, while the mere use of e-mail, faxes, and/or the telephone is insufficient to subject it to personal jurisdiction, these factors are a consideration when determining whether jurisdiction exists. See e.g., Bell Paper, 53 F.3d at 923; Breiner Equip. Co. v. Dynaquip, Inc., 539 F. Supp. 204, 206 (E.D. Mo. 1982). Additionally, the "mere making of a contract with [Plaintiff, a Missouri resident,] is not enough to confer jurisdiction." Angelica Corp. v. Gallery Mfg. Corp., 904 F. Supp. 993, 997 (E.D. Mo. 1995) (citing Minnesota Mining & Mfg. v. Nippon Carbide Indus., 63 F.3d 694, 698 (8th Cir.1995)).

Further, Defendant traveled to Missouri on at least two occasions and during those visits met with Plaintiffs, provided them with information regarding the property at issue, and induced them to sign the Agreement. See Wessels, Arnold & Henderson v. Nat'l Med. Waste, Inc., 65 F.3d 1427,

8

1434 (8th Cir. 1995) (finding due process satisfied where the director of the defendant corporation traveled to the forum state on two occasions to discuss obligations under the contract at issue); Bell Paper, 53 F.3d at 922. Under such circumstances, considering the relevant facts in conjunction with one another, Defendant purposefully directed his activities to Plaintiffs, Missouri residents, and purposefully availed himself of the privilege of conducting business within Missouri. See Hanson, 367 U.S. at 253; Epps, 327 F.3d at 647-48; Bell Paper, 53 F.3d at 921-22; Angelica, 904 F. Supp. at 997. Defendant's activities in Missouri were not random, fortuitous, or attenuated nor were Defendant's contacts in Missouri "the result of unilateral activity" on Plaintiffs' part. Id. (quoting Burger King, 471 U.S. at 475) (internal citations omitted).

The court will also consider the additional factors enumerated in Burlington, 97 F.3d at 1102, for determining whether asserting jurisdiction over Defendant in Missouri comports with due process. In regard to the first factor, it can be said that the *quality* of Defendant's contacts in Missouri are substantial considering, in particular, the meetings at the Hilton. See Angelica, 904 F. Supp. at 997. In regard to the second factor, the *quantity* of contacts, Defendant solicited Plaintiffs' business on two occasions while he was present in Missouri and also contacted Plaintiffs by use of e-mail and fax regarding the Georgia property. In regard to the third factor, the relationship of the cause of action to Missouri, although the property at issue is in Georgia, this cause of action arises from Defendant's soliciting Plaintiffs' business in Missouri. In regard to the fourth factor, Missouri has an interest in providing a forum for its residents, Plaintiffs. In regard to the fifth factor, it will be no more inconvenient for Defendant to try this matter in Missouri than it would be inconvenient for Plaintiffs to try the matter in Georgia.

To the extent that Defendant contends this court does not have jurisdiction and/or that jurisdiction is proper in the district court of Georgia, a "choice-of-law clause is an important factor

9

in determining whether" a court has jurisdiction. Wessels, 65 F.3d at 1434. See also St. Louis Fed. Sav. and Loan Ass'n v. Silverado Banking, 626 F.Supp. 379, 383 (E.D. Mo. 1986). However, a "choice-of-law clause, like [] mail and telephone contacts, is insufficient standing alone to confer jurisdiction." Wessels, 65 F.3d at 1434. See also St. Louis Fed. Sav., 626 F.Supp. at 383 ("[C]hoice of law provisions are ... not dispositive."). A choice of law provision, moreover, differs from a forum selection clause, wherein the parties agree that any disputes between them should be litigated in a particular forum. See e.g., Whelan Sec. Co., Inc. v. Allen, 26 S.W.3d 592, (Mo. Ct. App. 2000) ("Parties to a contract may agree in advance to submit to personal jurisdiction in a given court by means of a forum selection clause because personal jurisdiction is an individual right capable of being waived.") (internal citations omitted). Significantly, the Agreement signed by the parties in the matter under consideration does not include a forum selection clause but rather a choice of law provision. To the extent that Georgia law is applicable to Plaintiffs' claims, this court can and will apply Georgia law and foresees no difficulty in doing so. See e.g., St. Louis Fed. Sav., 626 F.Supp. at 383 ("[T]his litigation presents no novel or complex issues. Therefore, application of Colorado law should present no unique difficulties for this Court.").

The court finds, based on the foregoing considerations, that Defendant has had sufficient minimum contacts with Missouri so that exercising personal jurisdiction over Defendant in Missouri does not offend traditional notions of fair play and substantial justice. See Bell Paper, 53 F.3d at 921; Clune, 233 F.3d at 541. Indeed, the injury which Plaintiffs suffered as a result Defendant's alleged fraudulent conduct arose in Missouri. See Dever, 380 F.3d at 1073. Further, applying the factors articulated by the Eighth Circuit in Burlington, 97 F.3d at 1102, the court finds that there is a sufficient relationship between Defendant, Missouri, and the dispute between the parties for purposes of exercising personal jurisdiction over Defendant. As such, this court's asserting personal jurisdiction

over Defendant comports with due process. See Bell Paper, 53 F.3d at 921; Clune, 233 F.3d at 541. The court finds, therefore, that Plaintiff has met its burden to establish that Defendant is subject to specific personal jurisdiction in Missouri. See Lakin, 348 F.3d at 702; Epps, 327 F.3d at 647; Mountaire, 677 F.2d at 653 n.3; Piper, 817 F. Supp. at 804. See also Angelica Corp. v. Gallery Mfg. Corp., 904 F.Supp. 993, 997 (E.D. Mo. 1995) (holding that asserting jurisdiction in Missouri comported with due process where the defendant purposefully directed its activities to Missouri by making solicitations and phone calls to the plaintiff, a Missouri corporation, by actively pursuing contracts with the plaintiff, by entering into a contract within Missouri, by carrying on an active correspondence with the plaintiff by use of telephone, facsimile, and postal mail, and by sending samples to Plaintiff.) [7]

For the reasons articulated above in regard to this court's asserting personal jurisdiction, the court finds that neither the convenience of the parties nor the interests of the parties require that this matter be transferred to a district court in Georgia. 28 U.S.C. § 1401(a).

## CONCLUSION

For the reasons more fully set forth above, the court finds that it has specific personal jurisdiction in the matter under consideration and that transfer of this matter to a district court in Georgia is not warranted. The court finds, therefore, that Defendant's Motion to Dismiss or, in the alternative, To Transfer Venue should be denied.

Accordingly,

---

[7] Because the court has found that it has specific personal jurisdiction in this matter it need not address the issue of general jurisdiction.

**IT IS HEREBY ORDERED** that the Motion to Dismiss or, in the alternative, To Transfer Venue filed by Defendant is **DENIED**. Doc. 3.

/s/Mary Ann L. Medler
MARY ANN L. MEDLER
UNITED STATES MAGISTRATE JUDGE

Dated this 12th day of September, 2008.